**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01515-DDD-CYC

X.AI LLC,

     Plaintiff,

v.

PHILIP J. WEISER, Colorado Attorney General,

     Defendant.

---

**UNITED STATES OF AMERICA'S MOTION TO INTERVENE**

---

### I.     INTRODUCTION

The State of Colorado enacted Senate Bill 24-205 (SB24-205), which prohibits "algorithmic discrimination" in artificial intelligence. Plaintiff X.AI LLC (xAI) filed this suit alleging in relevant part that SB24-205 violates the Equal Protection Clause of the Fourteenth Amendment. The United States moves to intervene as a plaintiff. Because xAI asserts an Equal Protection claim under the Fourteenth Amendment, and the Acting Attorney General has certified that this case is of general public importance, Federal Rule of Civil Procedure 24(a)(1) and Section 902 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000h-2, authorize the United States to intervene as of right. Alternatively, the United States qualifies for permissive intervention under Federal Rule of Civil Procedure 24(b).

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel for the United States certifies that she conferred with counsel for the parties regarding their position on this motion. Counsel for Plaintiff xAI stated that xAI does not oppose this motion to intervene. Counsel for Defendant Attorney General Weiser stated that Attorney General Weiser takes no position on this motion.

1

## II.    ARGUMENT

### A.  The United States Has a Right to Intervene

On timely motion, "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The Civil Rights Act of 1964 gives the United States such a right. *See* 42 U.S.C. § 2000h-2. The Court therefore should grant the United States' motion to intervene.

Section 902 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000h-2, entitles the United States to intervene in Equal Protection cases if the Attorney General certifies that it is a case of general public importance:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2; *see also Battle v. Anderson*, 594 F.2d 786, 787-88 (10th Cir. 1979) (noting that the United States was "granted the right of intervention under" Section 902); *Air Lines Stewards & Stewardesses Ass'n, Loc. 550 v. American Airlines, Inc.*, 455 F.2d 101, 103 n.2 (7th Cir. 1972) (noting that the Attorney General can intervene as of right in Equal Protection suits under 42 U.S.C. § 2000h-2); *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 n.5 (5th Cir. 1985) (noting that 42 U.S.C. § 2000h-2 "grant[s] [the] United States [the] right to intervene in actions seeking relief from denial of equal protection").

The requirements for the United States' intervention as of right are satisfied here. First, xAI has alleged an Equal Protection claim. *See* Dkt. 1 ¶¶ 187-201. Second, the Acting Attorney General has certified that this case is of general public importance. *See* Ex. A (Certificate of Acting Attorney

2

General). Third, the United States' motion is timely.

Timeliness is evaluated "in light of all of the circumstances." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). The non-exhaustive factors for this evaluation include: "(1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants." *Id.* The factors support a finding of timeliness. The United States learned of its interests when xAI filed this lawsuit approximately two weeks ago, and the United States promptly filed this motion to intervene. Granting the motion will not prejudice the existing parties at this "early state of the litigation," where the defendant has not yet appeared or filed a response. *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001). Accordingly, the United States is entitled to intervene under Federal Rule of Civil Procedure 24(a)(1).

### B.  The United States Alternatively Qualifies for Permissive Intervention

Alternatively, the United States asks the Court to grant permissive intervention under Federal Rule of Civil Procedure 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The United States' claims share "common question[s] of law and fact" with xAI's existing claims. *See* Fed. R. Civ. P. 24(b)(1)(B). As discussed above, this motion is timely and will not prejudice the existing parties. xAI and the United States both allege that SB24-205 violates the Equal Protection Clause of the Fourteenth Amendment, *see* Dkt. 1 ¶¶ 187-201; Ex. B (Compl. in Intervention ¶¶ 46-63), and litigation commenced just over two weeks ago.

### III.    CONCLUSION

For the above reasons, this Court should grant the United States' motion to intervene.


DATED: April 24, 2026                                  Respectfully submitted,

BRETT A. SHUMATE                                      HARMEET K. DHILLON
Assistant Attorney General                             Assistant Attorney General

YAAKOV M. ROTH                                        JESUS A. OSETE
Principal Deputy Assistant Attorney General            Principal Deputy Assistant Attorney General

CHARLES E.T. ROBERTS                                  ERIC SELL
Counsel to the Assistant Attorney General              Deputy Assistant Attorney General


                                                       s/ Greta Gieseke
                                                       *Greta Gieseke*
Alexandra McTague Schulte                              Joshua R. Zuckerman
Senior Litigation Counsel                              Attorneys
Enforcement & Affirmative Litigation Branch            Civil Rights Division
Civil Division                                         U.S. Department of Justice
U.S. Department of Justice                             950 Pennsylvania Ave. NW
450 5th St. NW                                         Washington, DC 20530
Washington, DC 20001                                   Telephone: (202) 514-3847
Telephone: (202) 718-0483                              Email: Greta.Gieseke@usdoj.gov
Email: Alexandra.McTague2@usdoj.gov

                                                       ATTORNEYS FOR PLAINTIFF-INTERVENOR
                                                       UNITED STATES OF AMERICA

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing paper complies with the length limitation set forth in

DDD Civ. P.S. III(A)(1).


DATED: April 24, 2026                         s/ Greta Gieseke

                                              ***Greta Gieseke***
                                              Attorney